So, Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC. One of the cases I find most interesting, everyone clears out. Mr. Rothman, will you speak with us, please? Thank you, Your Honor. May it please the Court, Joel Rothman, Schneider Rothman Intellectual Property Law Group, for the plaintiff, and in this court, the appellant, Fourth Estate Public Benefit Corporation. Thank you very much, Your Honor, for that introduction with regard to the nature of the material that we have before you today. It is of great interest to intellectual property attorneys and copyright geeks like myself. And it is of also great interest to plaintiffs in copyright infringement cases in this circuit and in others, which is why we've asked, despite the fact that Your Honors could certainly reverse and remand on the issue of this being a fact question, and the Court went beyond the four corners of the complaint in reviewing it, why we've asked the Court to look at the registration approach in MGB and determine, as the Ninth Circuit and the Seventh Circuit, the Fifth Circuit have, that the registration approach, in light of the Supreme Court's decision in Muchnick, is no longer supportable. Let me give you a brief update on what's happened since. Muchnick makes it clear this is not a jurisdictional issue. Yes, Your Honor. I don't think it really tells us very much, though, about what we have to decide. So it's preconditioned for a filing of suit, but it doesn't really tell us whether that is triggered by an application or a decision by the Register of Copyrights as to whether to register it or to refuse registration. I don't see really much in Muchnick that tells us the answer to that question. And you're correct, Your Honor. But since the Muchnick decision, courts have looked more critically at the requirement in 411A for the purposes of determining whether that, too, is a requirement that triggers the gatekeeper function and would result in a dismissal. So I wanted to just briefly update you on what's happened since the case below was dismissed and – or perhaps more precisely, what hasn't happened. What hasn't happened is the Copyright Office has still not issued a certificate to my client who applied for a group registration for its articles. So that's been essentially a year or just over a year now? This is a problem that lawyers like myself deal with on a regular basis. The Copyright Office has a very large job to do, and especially when it comes to new areas of registration where it's permitting hundreds of works to be registered under a single application, such as group registration of photographs or, in this case, articles. It's quite a significant task to review all of that material and place its stamp on it. So that hasn't happened yet. The problem with that is it seems to me that until the register has examined the application and made a decision about whether to register the copyright or to refuse registration, I don't see how just reading the text we can say that there has been registration. I think you can, Your Honor, for a few reasons. Number one, the text requires – and its correct interpretation – requires the submission of an application to register. And we've gone through in our brief, I think, and argued in great detail why a textual analysis of the statute, the same textual analysis that Professor Nimmer has performed in Section 7.16 of his treatise, leads to the conclusion that it is simply the submission of an application for registration that is called for rather than the attainment of a certificate. Because, among other things, the certificate will be dated the date it was submitted to the Copyright Office, that an application is complete provided it's a complete application with deposit material and the fee is paid. These are all decisions that have been made and submitted when the application is put in, and it is a post hoc occurrence that registration occurs. We've seen also in case after case in the lower courts where district courts are forced because of the rather strict and severe nature of the registration approach. They're forced to find alternatives in order to avoid dismissing cases where there is no registration certificate. All of which would not be necessary if the registration approach were put aside and instead replaced with the much more permissive, more faithful textually to the statute and to the legislative history approach of the filing of the application. Your Honor, I cannot help but see Your Honor's reaction to my argument. Only when you mention those two magic words. You know which ones they were? Yes, please. Legislative history. Yes. Well. I mean, I read this text and it just seems to me that you can't have a registration until the register has examined the application. But. And it's binary. So you would be able to sue too if there had been a refusal of registration, right? Yes. So both of which contemplate that the register has examined it and made a decision one way or another. And your argument is that you can just bypass all that just by filing the application. Actually, no. That isn't my argument. My argument is that that is not a basis for dismissal on Rule 12B6 motion in the first instance. This court determined in Colonel Vioy that at the very latest a certificate would be needed for a district court to issue a judgment on a copyright infringement claim. And so there must need to be either a certificate or a refusal. But my argument is that the registration requirement is not one that should apply in the first instance on a motion to dismiss, that a party should be able to, under the application approach, as it's been interpreted by the Ninth Circuit in IAC v. Cosmetic Ideas, how it's been interpreted by the Seventh and the Fifth in the Big Apple case, that you should be able to file the application with the Copyright Office as we did in this case before the case was filed, pay the fee, submit a complete application, submit a deposit, and then proceed with litigation. That satisfies the requirement of the statute. That the requirement that one have a piece of paper in hand, a registration certificate in hand, is nowhere in the statute. Well, the well-argued Tenth Circuit case passes the piece of paper test that says you just need a determination of registration. So if we gave you that much, you still wouldn't be satisfied though, right? Well, the well-argued Tenth Circuit case is contradicted by the Ninth, the Seventh, and the Fifth. The Fifth decided even before. It's well-argued in your favor with respect to the piece of paper though, isn't it? Yes, you are correct, Your Honor. And I was looking for some point in this argument to perhaps phone a friend or ask for a lifeline, but that hasn't come up yet. Your Honor is laughing. We're big trivia fans, and we've tried one of your tests. Let me ask you. Yes. It's definitely trivia, but it hasn't come up. There is an Eleventh Circuit case specific in Southern Inc. v. Duncan, which has a footnote 17 that said that even though it takes the position that you have to have registration, it says you could have a preliminary injunction. You couldn't get damages, but you could get a preliminary injunction. Are you familiar with that, and is that a way to split the baby to give you something to at least prevent ongoing, or is that not good law? That is good law, Your Honor. As a matter of fact, there's a decision by Judge – I forget his name – in the Palm Beach Division. I see my time is up. Can I complete my answer? You sure can. I have a question about it anyway. Right. Judge Reiskamp, the case is called Affordable Aerial Photography v. Nicholas, that decides exactly that issue, citing that case that one can – That's a district court decision? District court. I have a question. Sure. The authority that Judge Boggs has cited, was a preliminary injunction granted there? Yes, and it was despite the fact that – And the propriety of that was an issue on appeal that was affirmed? I believe that was the issue in the case Judge Boggs cited in the district court case. I'm just trying to figure out whether that language that he's reading from that footnote is holding or dicta. I would need to phone my friend, Judge Boggs, and ask him to let me borrow the case. I think Judge Pryor is hinting at an argument there because it says, the question is whether the district court abused its discretion in refusing to issue the injunction, and then it goes on down to look at an argument against it, but it seems to affirm the power to do so, but it did not, as I read the case, and I'm not an expert on it, but as I read it, it didn't . . . Well, actually it says that we held the court did abuse its discretion, so the lower court didn't grant it, but that seems to be what the opinion says, but we can read it further. I haven't read it. I'm just trying to figure it out. The lower court did not grant it, but it says that it abused its discretion in not doing so. Well, that may also involve the merits of the case, but it did seem to say that it did abuse its discretion in failing to issue an injunction,  and in fact, Your Honor, the issuance of an injunction, despite the lack of a registration certificate, is consistent with the copyright statute. What's the date of that opinion? 1984. Okay. I'd also . . . I asked. There is some back and forth because then a later case cast doubt on it, Cable News Network, but then that case was vacated when it went en banc, and the en banc didn't decide it, so I'm just trying to see what guidance we can get. And I dug through this court's history in preparing for my argument and found a case called Original Appalachian Artworks v. Toy Loft, decided by the 11th Circuit in 1982 at 684 F. 2nd 821, and in that case, in the first footnote, the court notes that registration is not obligatory, although registration is a prerequisite to an infringement suit in certain circumstances and also a prerequisite to certain infringements. In certain circumstances. It could be preregistration too. Yes. That doesn't tell me very much. Well, I'm digging here, Your Honor. You're well over your time, but we're going to allow you to have your full rebuttal. Thank you very much. Mr. Geller. David Geller for the appellees, WallStreet.com, LLC, and Gerald Burden. May it please the court. Your Honor, we believe the district court ruled correctly in this case that the plain language supports the court's – and I want to bring to the court's attention, if you take a look at the complaint itself, I don't believe the plaintiff ever actually alleged that they have registration. They've only alleged that they've applied for registration. So I believe there's a different – Their argument is that's good enough, right? And, Your Honor, they also argued that the court required a certificate, and I know we're getting into semantics here, but the court did not specifically say they needed a physical certificate to be added to the complaint. It just – the court stated that registration needed to occur. And presumably, if registration occurred, a certificate would have issued, whether they were in possession of it or not. I believe that would be correct as well, Your Honor, but – Are you familiar with the case that Judge Boggs cited? I was looking through my notes, Your Honor, and I am not, so I apologize. The other thing I wanted to mention, Your Honor, is the argument that it doesn't make sense or that the plaintiffs have to wait a very long time, those are legislative arguments. Those are issues that could be brought up through the legislative branch, possibly funding the Office of Copyrights differently or have different priorities. But the fact that the statute is clear that registration or preregistration needs to occur, that's what is germane to this case, Your Honor. What do you do with the statute just before 410, 17 United States Court Code, 410D, that says the effective date of a copyright registration is the day on which the application, deposit, and fee are determined to be acceptable for registration and have all been received by the Copyright Office? Your Honor, so that goes towards – there's a look-back period. So I believe the statute and Congress, when they enacted the statute, anticipated that if there is any kind of wait period, when registration actually does occur, they would get the benefit of having the registration date as of the date that they apply. But that in and of itself is not registration. That's an application. That's the effective date of the copyright registration. It's the day those things are received by the Copyright Office. But they still need to actually have been either registered or denied. And where does it say that? I believe – 411A, it says in here – I thought you were going to say 410A. I apologize, Your Honor. I don't have that in front of me either. 410A says when after examination the register of copyrights determines that in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the register shall register the claim and issue to the applicant a certificate. Right? Your Honor, I – Can't have registration until that examination of the application occurs. Now once the register makes that determination, the decision to register it relates back to the application. And that is our position, Your Honor. What about – I always enjoy listening to Judge Pryor's oral arguments. Well, sometimes it's the only helpful oral argument we get in a case. Thank you, Your Honors. 17 United States Code Section 408 also talks about may obtain registration of the copyright claim by delivering to the Copyright Office the documentation, the application and the fee. So what's your – or Judge Pryor's answer to that? Your Honor, I'm looking it up, and I apologize, Your Honor. I had to – I didn't have the opportunity to swing by the office and pick up my iron notes, so I do apologize about that for not having that. That's what it says in 408. Your Honors, I would still say that the active language here, though, is 411A and that they can't get around that part of it, Your Honor, that the prerequisite to filing is to have a decision by the – So you have to have a decision before you file. You just said – I'm sorry, Your Honor. Before you file a lawsuit, before you file the infringement claim, you need to have an actual decision. Now, whether that's fair, proper, efficient, that's another story. And that's where I understand the argument. But the statute appears to be clear and the case law appears to be clear that in order to file, there is a prerequisite. In order to file the lawsuit, that there's a prerequisite that a decision is made by the Copyright Office. And then once that decision is made, then the date of the application appears to be the date that they are allowed to use. Counsel, I mean, I take it there's no statute of limitations type problem. If they get this registration tomorrow or if it's rejected tomorrow, then they can sue you for damages all the way back to the beginning of the infringement, right? I believe that's correct, and that's where – whether it makes sense or not, I mean, that's an important issue and I think that's a legislative issue. But, yes, that's what it appears to me. It also goes to why it would be fair to wait because you're not going to be hurt by the fact that you get the benefit of all the way back to the effective date of registration. Is that right? Yes, Your Honor. And if the suit did go forward, let's say after grant or denial, wouldn't the fact of grant or denial be of some importance? That is, doesn't the grant of the copyright give them some oomph and a denial would give you some oomph? I would say it would. I mean, there's definitely ways of challenging that. So then the court's better informed when a decision has been made. Yes, Your Honor. I believe so. Do you have any – you said you weren't familiar with that case, but as a generic principle, would you see a difference between a preliminary injunction and the ultimate damages because a preliminary injunction, if the court thought that the other side should get it, the other side generically, would at least put a halt to continuing infringement and perhaps mitigate the evils on both sides? I think very, very, very generically. A preliminary injunction can mean a lot of things for a lot of different reasons, and I believe there probably could be circumstances where it could be appropriate. But I think that would be a very case-by-case scenario. I'm confused by it because if we have an earlier precedent that binds us that says you could get a preliminary injunction for copyright infringement, then it seems to me that presupposes that you have satisfied the precondition for filing suit for copyright infringement. And that may have decided it for us. What's your reaction to that? Your Honor, without having that particular case in front of me, and I apologize about that, I think it would come down to the reason for the preliminary injunction. The infringement case itself would be different than an injunction case. I think the injunction case would be if there's some kind of imminent harm or danger, they could get something. It's just a remedial issue, isn't it? Is there something about the act that I don't understand that you guys who practice in this field do? That the action for a preliminary injunction is somehow different from the action for infringement that's defined in 411A? I don't have that answer, Your Honor, and I apologize. I do believe the statute requires registration before filing an infringement claim for injunction. And that's why I was saying very generally, I don't want to rule out that it's absolutely impossible to get an injunction on those very specific facts. So I don't really have a great answer for you, Your Honor. Is there such a suit as a suit for injunctive relief that is not of the kind of suit for copyright infringement that's contemplated in 411A? Your Honor, so they actually did file for an injunction in this case and that was dismissed and that wasn't appealed. I was thinking from a— I don't see how that answers my question. I don't think— Do you understand it? Do you understand what I was asking? I mean, is there some way that without suing for copyright infringement under 411A, you could sue for some other kind of copyright claim that would entitle you to a preliminary injunction to which that case might be referring? I think I understand, Your Honor. I don't think so. When I was thinking of an injunction, I meant more of the general type. There might be some emergency, some situation. That's why I would like to have the benefit of that case to look at it before I can answer further about the injunction portion. But no, our position is you need to have a decision from the Registrar of Copyrights before you can take any action. Thank you, Your Honor. Okay. Do you have anything else to tell us, Mr. Geller? Not at this time, Your Honor. Thank you. Mr. Rothman? So I've pulled up Pacific and Southern. Can you give me the site? 6F 2nd, 1490. Thank you. 744, my eyeballs are going there. 744F 2nd, 1490. Is that the same one you're looking at? Actually, it's a little hard to see on my handheld. I was looking at the district court decision and I hadn't had a chance yet to hit the shepherd's button. That will be very helpful to us. Right. So the decision I was referring to earlier in affordable aerial photography cited to the Ninth Circuit decision in the case of Perfect Ten v. Amazon, 508F 3rd, 1146 for the proposition that Section 411 does not limit the remedies that a court can grant and that a court can grant injunctive relief to restrain infringement of any copyright, whether registered or unregistered. And I believe that that does provide significant support for the concept that the requirement of registration is not a requirement that the court dismiss the case, as it did in this case, from the outset for there being a lack of registration certificate. I do want to address a couple of issues that Judge Boggs raised with opposing counsel. First of all, there is a statute of limitations problem because the statute of limitations for copyright infringement is three years. It runs from the time that the plaintiff knew or should have known of the infringement. And if the plaintiff does not file within three years of knowing or not or when it should have known of the infringement, then the only thing the plaintiff can recover is any damages that occurred within the three-year period looking back from when the case is filed. So if the damages, if in this case we discovered that the infringement had been occurring for a two- or three-month period of time and we didn't discover it until two years after the infringement and then we filed the application. I get the mathematical argument there. Does the fact that the suit was dismissed without prejudice, would the practice allow you in effect to tack back? No, Your Honor, because we're out of court on it. There is no basis for me to, even though it's without prejudice, I can refile, but my damages are only going to extend back for three years at that point. And while there is no latches, there is a significant downside. This is one of the important issues that the Ninth Circuit in the IACV Cosmetic Ideas case hung its decision on, the potential prejudice for what is essentially a ministerial act, which was my other point. The benefit of having a certificate, Your Honor, is different in copyright than it is in patent and trademark. In patent and trademark, there is an examination that occurs by subject matter experts employed by the U.S. Patent and Trademark Office to determine not just whether the application submitted is in proper form, fee is paid, and the work sought to be registered is registrable. It is to determine whether substantively that applicant has that right. And that's different from copyright. Copyright applications are in the form. 410A says that the register decides in examining the application whether the material is copyrightable, right? That is correct. Isn't that a substantive examination? It's a substantive examination to determine whether the material is of the kind that is entitled to copyright protection, not whether, for example, the material is original or creative, which are essential elements of 102 protection for that. That would be something that the Patent Office would look at. You're really saying that most of the time it is routine and ministerial. I mean, we know there are the cases about phone books and that kind of thing, whether it's original, but most newspaper articles are original. You had said earlier about being a copyright geek. Being knowledgeable that way, is it taking an unusually long time to determine your case, or is it routinely? Does the New York Times, I assume they copyright their whole newspaper every day. Does it take them a year or more to get a copyright? I can't speak to that, but I can speak to the fact that group registrations do take longer. And the reason they take longer is because they are large, and it is often viewed at the Copyright Office as being part of the business that a publication is in. It regularly submits these things. It doesn't necessarily do it for the purposes of filing suit the very next day. And so it's perhaps unfortunate, but not surprising to me that it has taken this long. I've waited longer for registrations. I see my time is up. It is. You're over again, but we appreciate your argument, Mr. Rothman. Thank you very much. We have your case. Thank you very much, Your Honor. Mink v. Smith & Nephew.